IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                      No. 10-CR-2835 BB

GILBERT ARAGON,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION**
**TO MODIFY CONDITIONS OF RELEASE**

THIS MATTER is before the Court on Defendant Gilbert Aragon's ("Aragon") Amended Motion to Modify Conditions of Release [Doc. 68]. Plaintiff United States of America ("USA") opposes the motion [Doc. 69]. The Court considered the motion, response in opposition and determines that oral argument is not necessary. This motion may be resolved on the parties' submissions.

**Background**

Aragon was indicted by a federal Grand Jury on October 14, 2010, and charged with a violation of 21 U.S.C. § 846, conspiracy; 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), distribution of five grams and more of methamphetamine, and 18 U.S.C. § 2, aiding and abetting; as well as 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), distribution of fifty grams and more of methamphetamine, together with 18 U.S.C. § 2, aiding and abetting.

The USA sought detention, relying on the rebuttable presumption under 18 U.S.C. § 3142. At the detention hearing, the Honorable W. Daniel Schneider took judicial notice of the Pretrial Services report and recommendation for detention and determined that Aragon did not rebut the presumption of detention and entered an order detaining Aragon pending trial in this case [Doc. 55].

## Present Motion

Aragon is now before the Court arguing that he should be released pending trial to the third-party custody of his sister, Melinda Aragon. He contends that he is a life-long resident of Grants, New Mexico, has a full-time job, and provides support for his two children and other family members.

Aragon further contends that he has no inclination to be a flight risk or danger to the community, and concludes that third-party release to either his sister or to a halfway house would reasonably assure his appearance and the safety of the community.

## 18 U.S.C. § 3142

Federal law provides that when individuals are charged with certain crimes, as outlined in 18 U.S.C. § 3142, there is a presumption of dangerousness, and, therefore, a presumption of detention. The presumption is rebuttable, and can be overcome by a party demonstrating through clear and convincing evidence that there exists conditions or a combination of conditions to reasonably assure appearance at trial as well as the safety of the community. The statute provides in relevant part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[.]

18 U.S.C. § 3142(e)(3)(A).

In this case, Aragon is indeed charged with offenses carrying a maximum term of imprisonment of ten years or more, thus, triggering the presumption under 18 U.S.C. § 3142.

Once the presumption is invoked, as it was here, the burden of production shifts to Aragon to demonstrate that he is not a flight risk and that the safety of the community will be assured. While Aragon's burden of production is not onerous, he was still required to produce some evidence to support his attempt to rebut the presumption.

In determining whether a defendant should be released, the Court is guided by the factors set out in 18 U.S.C. § 3142(g). In considering these factors, the Court notes that Aragon is charged with drug crimes that carry a statutory maximum of life in prison.

Aragon has an extensive criminal history, albeit no history of felony convictions. He was charged in nine separate cases, most dealing with crimes of violence or substance abuse. The crimes charged in the present indictment were allegedly committed while a bench warrant for Aragon's failure to appear on another drug charged remained active. Thus, the present offenses occurred while Aragon was awaiting trial on a prior drug offense.

The Grand Jury's indictment demonstrates probable cause to believe that crimes were committed. In considering Aragon's history of non-appearances for some court hearings, those past failures to comply with court orders and directives do not bode well for Aragon's future compliance.

While Aragon declined to discuss alcohol and drug abuse during his interview with Pretrial Services, he has prior offenses for driving under the influence of intoxicating liquor and a prior offense for possession of marijuana.

Based on the information contained in the Pretrial Services report, the Pretrial Services officer noted several factors suggesting that Aragon posed a danger to the community:

> Nature of the alleged offense 2nd arrest-conviction history
> History of violence related offenses
> History of domestic violence/abuse
> Other pending criminal charges/warrants

Pretrial Services recommended that Aragon be detained, "[a]s it appears there is no condition or combination of conditions that will reasonably assure the appearance of this defendant as required or the safety of the community."

### **Failure to Rebut the Presumption**

Aragon now offers no new evidence, as a halfway house and third-party custodian placement were available options at the initial bond hearing, and he offers no new argument to rebut the presumption of danger, save for the fact that he has no felony conviction. The Court agrees with Judge Schneider's determination that the statutory presumption of dangerousness has not been overcome. Based on these considerations, the Court DENIES Aragon's Amended Motion to Modify Conditions of Release [Doc. 68]. His initial Motion to Modify Conditions of Release [Doc. 67] is DENIED as moot.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge